NITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

Case No. 26-cv-12937
Honorable Linda V. Parker

v.

JOHN DOE subscriber assigned IP Address 172.8.196.78,

Defendant.
_________________________________/

**ORDER ON MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

On August 19, 2026, Plaintiff filed this lawsuit against an unknown individual alleging that the individual acquired and distributed Plaintiff's copyrighted works through an online, file-sharing network. Presently before the Court is Plaintiff's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference, filed September 11, 2026. (ECF No. 4.)

Plaintiff establishes that "good cause" exists for it to serve a third-party subpoena on AT&T Internet (hereinafter the "ISP"). *See Third Degree Films, Inc. v. Does 1-72*, No. 12-cv-14106, 2012 WL 12931709 (E.D. Mich. Nov. 13, 2012) (collecting cases); and *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008). Plaintiff makes a prima facie showing of a claim of copyright infringement, submits a specific discovery request, and establishes that (1) there

are no alternative means to obtain the information that it seeks through the discovery, (2) there is a central need for the information, and (3) Defendant has a minimal expectation of privacy. The Court is satisfied that Defendant must be identified before this suit can progress further.

For these reasons, the Court **GRANTS** Plaintiff's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference in that:

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth in the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above, and consistent with this Order, on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants.

3. Disclosure of the information requested is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court. Any information disclosed to Plaintiff in response to the Rule 45 subpoena may be used solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.

4. When the ISP is served with a subpoena, it shall give written notice, which may include email notice, to the subscriber. If the ISP or subscriber wants

to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 21 days from the date of service.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 14, 2026